

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 29, 1950

Hon. James C. Martin
County Attorney
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. V-1064.

Re: Taxation of a ship owned by
a Louisiana corporation and
listing Corpus Christi, Tex-
as, as its home port.

Your request for an opinion reads in part as follows:

"The tax Assessor-Collector of Nueces County,
Texas, has assessed, for personal property, the S. S.
Elizabeth Lykes, a steamship owned by the Lykes
Steamship Company, of New Orleans, in the amount of
one-half million dollars, and on which a tax would be
due of ten thousand dollars. The Lykes people claim
that they do not owe this tax.

"The Lykes Brothers Steamship Company Incor-
porated is a Louisiana Corporation, maintaining its
principal office and place of business in New Orleans,
Louisiana. Its principal place of business is maintain-
ed in New Orleans and the main operations of the Com-
pany are handled through that office. The corporate
records, seals, books, etc., are kept in New Orleans,
and the directors meet in that city. The Lykes Broth-
ers Steamship Company has a number of steamships
which are employed exclusively in interstate and for-
eign commerce. Among these steamships is the S. S.
Elizabeth Lykes, which was acquired by the Lykes
Brothers Steamship Company on or about the 14th day
of March, 1946. In accordance with Federal law, the
Lykes Brothers Steamship Company listed the S. S.
Elizabeth Lykes home port as Corpus Christi, Texas.
This ship, and other ships of the Lykes Line, have
picked up cargo at Corpus Christi in connection with
operations of interstate and foreign commerce. I am
not certain how many trips the Elizabeth Lykes has
made to Corpus Christi; but in at least two instances,
she lifted cargo for Bremen, Germany, and for Italy.

" . . .

"It is requested that your office prepare an opin-
ion in regard to this matter."

Section 11 of Article VIII of the Texas Constitution reads:

"All property, whether owned by persons or corporations shall be assessed for taxation, and the taxes paid in the county where situated, . . . ."

Article 7147, V.C.S., provides in part:

"Personal property, for the purposes of taxation, shall be construed to include . . . all ships, boats and vessels belonging to inhabitants of this State, if registered in this State, whether at home or abroad, and all capital invested therein; . . . "

Article 7153, V.C.S., reads:

"All property, real and personal, except such as is required to be listed and assessed otherwise, shall be listed and assessed in the county where it is situated; and all personal property, subject to taxation and temporarily removed from the State or county, shall be listed and assessed in the county of the residence of the owner thereof, or in the county where the principal office of such owner is situated."

Article 7157, V.C.S., states that:

"All persons, companies and corporations in this State owning steamboats, sailing vessels, wharf boats and other water craft shall be required to list the same for assessment and taxation in the county in which the same may be enrolled, registered or licensed, or kept when not enrolled, registered or licensed."

It is elementary that the State has the power to tax all property within its jurisdiction. The Texas courts have construed the expression "where situated," as used in Section 11 of Article VIII of the Constitution, to be no more than a declaration of the common law rule, and that it therefore means where the property has its physical situs. Great Southern Life Insurance Co. v. City of Austin, 112 Tex. 1; 243 S.W. 778 (1922); 40 Tex. Jur. 39, Taxation, Section 23.

It is the general rule that the situs of personal property, for the purposes of taxation, is that of the domicile of the owner. The rule is stated in Volume 51 of American Jurisprudence, Section 448, at page 462, as follows:

"Personal property may properly be assessed for taxation only in the state in which it has a situs.

By an ancient fiction generally recognized by comity and expressed by the maxim 'mobilia sequuntur personam,' the situs of personal property of every description, however ponderous and unwieldy and wherever actually kept or located, was at the domicil of the owner and subject to the jurisdiction of the owner's sovereign; in legal contemplation its location changed with every change of the owner's domicil. This rule expresses a comprehensive and general rule applicable to the taxation of personal property, especially intangible personal property. Domicil of the owner is an important and often a controlling factor. It is prima facie the place of taxation. In the absence of statutes to the contrary, and of anything to show it has acquired an actual situs elsewhere the general rule is that for purposes of taxation all personal property has its situs at the domicil of the owner; unless it has acquired a definite situs elsewhere, or unless other provision is made by statute, such property is taxable to the owner in the county, city, or town or other taxing district in which the owner lives and has his domicil. This is true of personal property of every description. As assessment of personal property in any other state or county than the one in which the owner resides is proper only when it appears that the property is being, to some extent, kept and maintained in such state or county, and is not there casually, nor in transition, nor temporarily, in the ordinary course of business or commerce." (Emphasis added throughout.)

The courts have generally held that the maxim "mobilia sequuntur personam" is inapplicable where the property has acquired an actual situs in a jurisdiction other than the domicile of the owner. The general rule as to the taxation of personal property in Texas was clearly stated in Attorney General's Opinion No. V-373 as follows:

"The common law maxim of 'mobilia sequuntur personam' (movables follow the person), that is, that personal property has its legal situs for taxation purposes at the place of the owner's domicile, is the general rule in Texas. Although the Constitution of Texas (Art. VIII, Sec. 11) provides that 'all property, whether owned by persons or corporations shall be assessed for taxation, and taxes paid in the county where situated,' it has been held by the Supreme Court of Texas that this provision is no more than a declaration of the common law rule in that 'since it had reference to the taxing power, it evidently meant property where situated

Hon. James C. Martin, Page 4 (V-1064)

for the purposes of taxation under the general principles of law as then understood.' . . . . This interpretation is said also to apply to Article 7153, Revised Civil Statutes of Texas, as amended, enacted pursuant to the above constitutional provision . . .

"However, the principle that the taxable situs of personal property is at the residence of the owner is not without exceptions and it appears well settled that tangible personal property may acquire a situs for taxation elsewhere than the owner's domicile. Galveston v. Haden, supra, and 51 Am. Jur. Sec. 451, p. 466. It is said that the situs of tangible personal property depends on the character of its use, G.C. & S.F. Ry. Co. v. City of Dallas, supra, and that the test is whether or not the property is situated within the jurisdiction solely for use and profit there. 51 Am. Jur., Sec. 454, p. 469 and cases cited.

"The principles governing the situs of personal property in connection with the State's power of taxation apply generally to the situs of such property for the purposes of local taxation 40 Tex. Jur., Sec. 22, p. 38; and clearly property in transit or only temporarily in a jurisdiction other than that of the owner's domicile does not acquire taxable situs in such jurisdiction Fort Worth v. Southland Lines, supra; Ferris v. Kimble, supra; 51 Am. Jur., Sec. 455, p. 469. Delays in transit, however, may create taxable situs in a jurisdiction through which the property passes; and such result depends on the nature and duration of the delay 51 Am. Jur., Sec. 455, supra; Anno, 110 A.L.R., 724."

In Hall v. Miller, 102 Tex. 289, 115 S.W. 1168, 1171 (1909), the Supreme Court said:

"A state has no authority to levy taxes upon personal property temporarily within its borders when the owner resides elsewhere. But it is equally true that tangible personal property, which has acquired a situs within the state, is subject to taxation although the owner be a nonresident thereof."

Although there are no Texas cases directly in point on this question, our courts have held that the place of enrollment or registration is not controlling if the vessel has acquired an actual situs elsewhere. In City of Galveston v. J. M. Guffey Petroleum Co., 113 S.W. 585 (Tex. Civ. App. 1908, error ref.), the court said: (at page 587):

"The Legislature may, in certain instances, give to property an artificial situs for the purpose of taxation; but when the property is physical in character, or of a nature that can acquire an actual situs, it must under our Constitution be taxed in the county where actually situated or located. The finding of the court is to the effect that these vessels so taxed have an actual situs at Port Arthur, in the county of Jefferson, and are not and have never been within waters located within the territorial jurisdiction of the city of Galveston.

"That vessels may acquire an actual situs is a proposition too well settled to be questioned, and that the place of enrollment and registration is not controlling, if the actual situs is elsewhere."[1]

The case of Ayer and Lord Tie Co. v. Kentucky, 202 U.S. 409 (1906), is directly in point on this question. The facts in that case were that the taxpayer, an Illinois corporation, had enrolled, in accordance with the laws of the United States, several steamboats and barges at the port of Paducah, Kentucky and that the words "Paducah, Kentucky" were painted on the stern of the steamboats. Kentucky brought suit to collect property taxes which has been assessed against the vessels, alleging that Paducah was their homeport. The United States Supreme Court held that Kentucky had no power to tax the vessels because there was no finding that they had acquired an actual situs in Kentucky and they were therefore taxable at the domicile (Illinois) of the owner. The court said (at page 421):

"The general rule has long been settled as to vessels plying between the ports of different States, engaged in the coastwise trade, that the domicil of the owner is the situs of a vessel for the purpose of taxation, wholly irrespective of the place of enrollment, subject, however, to the exception that where a vessel engaged in interstate commerce has acquired an actual situs in a State other than the place of the domicil of the owner, it may there be taxed because within the jurisdiction of the taxing authority."

And at page 423:

---

[1] See also City of Galveston v. Haden, 214 S.W. 766 (Tex. Civ. App. 1919); North American Dredging Co. of Nevada v. State, 201 S. W. 1065 (Tex. Civ. App. 1918); State v. Higgins Oil and Fuel Co., 116 S.W. 617 (Tex. Civ. App. 1909).

"As in the case at bar, the owner of the vessels was domiciled in Illinois and the vessels were not employed exclusively in commerce between points in the State of Kentucky, but were engaged in traffic between that State and the ports of other States, including Illinois, it seems obvious that, as a question of fact they had no permanent situs in the State of Kentucky within the rule announced in the Old Dominion Steamship case. The right then of the State of Kentucky to tax the vessels must solely depend upon the fact that they were enrolled at the port of Paducah in that State. But, if enrollment at that place was within the statutes, it is wholly immaterial, since the previous decisions to which we have referred decisively establish that enrollment is irrelevant to the question of taxation, because the power of taxation of vessels depends either upon the actual domicil of the owner or the permanent situs of the property within the taxing jurisdiction." [2]

The question of the situs of vessels for taxation purposes was again before the Supreme Court in Southern Pacific Co. v. Kentucky, 222 U.S. 63 (1911). The Court, after reviewing all the related cases, reaffirmed the rule of taxation that a vessel is taxable at the domicile of the owner unless the vessel has an actual situs elsewhere. The Court said (at page 68):

"As the place of enrollment is not of itself determinative of the place of taxation, it is obvious that the right to select a place to be marked upon the stern as a place of hail, or home port, does not confer the arbitrary right upon the owner of selecting a place for the taxation of his vessel. To give to the statute this construction, said this court in Ayer & L. Tie Co. v. Kentucky, cited above, 'would be simply to hold that its purpose was to endow the owner with the faculty of arbitrarily selecting a place for the taxation of his vessel, in defiance of the law of domicil, and in disregard of the principle of actual situs.'

"Since, therefore, an artificial situs for purposes of taxation is not acquired by enrollment nor by the marking of a name upon the stern, the taxable situs

[2] See also Tacoma Oriental S.S. Co. v. Tallant, 51 F.2d 359 (W.D. Wash. 1931); Bush v. State, 140 Fla. 277, 191 So. 515 (1939); 2 Cooley, Taxation (4th Ed.), p. 991, § 453; 51 Am. Jur. 807, 808, Taxation, §§ 912, 913; Annotation, 6 A.L.R.2d 1367.

must be that of the domicile of the owner, since that is the situs assigned to tangibles where an actual situs has not been acquired elsewhere. The ancient maxim which assigns to tangibles, as well as intangibles, the situs of the owner for purposes of taxation, has its foundation in the protection which the owner receives from the government of his residence; and the exception to the principle is based upon the theory that if the owner, by his own act, gives to such property a permanent location elsewhere, the situs of the domicile must yield to the actual situs and resulting dominion of another government." [3]

The determination of whether a vessel or ship has acquired a tax situs in a State other than that of the owner's domicile is in the first instance a question of fact which can be resolved only after a consideration of all the circumstances relating to the matter. You state in your letter that the Lykes Brothers Steamship Company, the owner of the ship, is a Louisiana corporation, that it maintains its principal office and place of business in New Orleans, Louisiana, and that the ship has made only several calls to the Port of Corpus Christi since the year 1946. Under the authorities previously cited, although the company has listed Corpus Christi as the homeport, the owner of the ship is domiciled in Louisiana and the ship is taxable in that State unless an actual tax situs has been established elsewhere. In order for the ship involved in this question to have acquired an actual tax situs in Nueces County, it must have had a more or less permanent location, as distinguished from a transient or temporary one, in the county. [4]

It is our conclusion, based on the facts given us, that, under the authorities cited above, the S.S. Elizabeth Lykes does not have an actual tax situs in Nueces County. The ship is therefore not subject to ad valorem taxation by Nueces County.

## SUMMARY

The situs of tangible personal property for the purposes of taxation is at the owner's domicile unless it has acquired an actual tax situs elsewhere. Under

---

[3] For recent cases on this question see Ott v. De Bardeleben Coal Corp., 166 F.2d 509 (C.C.A. 5th 1948, rev. on other grnds. 336 U.S. 169, 69 S.Ct. 432); Guinness v. King County, 202 P.2d 737 (Wash. Sup. 1949).

[4] 2 Cooley, Taxation (4th Ed.) p. 975, 8 451; Annotation, 110 A. L. R. 707; 51 Am. Jur. 468, Taxation, 8 453.

the facts presented the S.S. Elizabeth Lykes is not subject to ad valorem taxation in Texas. Ayer and Lord Tie Co. v. Kentucky, 202 U.S. 409 (1906); Southern Pacific Co. v. Kentucky, 222 U.S. 63 (1911); City of Galveston v. J. M. Guffey Petroleum Co., 113 S.W. 585 (Tex. Civ. App. 1908, error ref.).

Yours very truly,

PRICE DANIEL
Attorney General

By Frank Lake
    Frank Lake
    Assistant

APPROVED:

W. V. Geppert
Taxation Division

Joe R. Greenhill
First Assistant

Price Daniel
Attorney General

FL/mwb